**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

-against-

SETH COLON,

Defendant.

---

S1 26 Cr. 207 (RMB)

**ORDER**

On June 4, 2026, Defendant Seth Colon participated in a bail hearing before Magistrate Judge Gary Stein, following Colon's arrest and arraignment for allegedly participating in a "racketeering conspiracy."[1]  Dkt. No. 5 ¶ 1.  Magistrate Judge Stein had granted bail subject to a series of conditions.  Dkt. No. 19.

On June 10, 2026, the Government moved to continue the Defendant's remand and appealed to this Court on the grounds that Colon poses a danger to the community and presents a risk of flight.  Government Letter Motion dated June 10, 2026 ("Gov. Mot.") at 4.  The defense filed a letter in response to Colon's remand on June 12, 2026 ("Def. Resp.").  The Court continued the Defendant's remand pending a de novo bail hearing on June 16, 2026.  *See* Order dated June 8, 2026 (Dkt. No. 20).

Following the June 16, 2026 hearing, having considered the parties' written submissions and oral arguments, and having reviewed bail conditions and relevant authorities, the Court

---

[1] "SETH COLON [and others] were members and associates of the [Bronxdale/YDS] Enterprise and participated in unlawful and other activities in furtherance of the Enterprise's affairs."  Superseding Indictment (Dkt. No. 5 ¶ 3).  "Members and associates of Bronxdale/YDS engaged in, among other activities, acts involving murder, assault, robbery, the distribution of controlled substances, and wire and bank fraud in and around the greater metropolitan area of New York City."  *Id.* ¶ 1.

1

finds, as did Magistrate Judge Stein, that bail is appropriate with conditions that will reasonably assure that Colon does not pose a danger to the community or a risk of flight.

The following bail conditions set by this Court are substantially similar to Magistrate Judge Stein's proposed bail conditions.

(1) The Probation Department (Pretrial Services) is directed to forthwith conduct a comprehensive home assessment at Defendant's family apartment at 1836 Watson Avenue, Apt. 4B in the Bronx.  The goal is to assess whether the residence is suitable for Defendant's home detention;

(2) A $75,000 bond cosigned by two financially responsible persons executed before the Defendant is released from temporary remand;

(3) Strict Pretrial Services supervision, including regular status conferences in person with the Pretrial Services Officer.  Defendant shall apply forthwith for the SDNY Young Adult Opportunity Program;

(4) Home detention enforced by GPS location monitoring;

(5) Travel restricted to the Southern and Eastern Districts of New York, and Defendant shall surrender all travel documents (and a prohibition of new applications);

(6) No contact outside the presence of counsel, with any victims, witnesses, or co-defendants, including without limitation, the Defendant's step-brother David Lopez;

(7) Seek employment forthwith or continue any current regular work or a substantial educational program approved by the Pretrial Services Officer;

(8) Refrain from use or unlawful possession of a narcotic drug or other controlled substance(s);

(9) Substance abuse testing and treatment as directed by Pretrial Services;

(10) No possession of a firearm, destructive device, or other dangerous weapon;

(11) No further arrest(s).

## I.    Additional Background

Defendant Colon is 23 years old and appears to have little or no criminal history.[2]  Def. Resp. at 1.  He is alleged to be a member of "a street gang and organization that operated principally in the Sotomayor Houses, a public housing development . . . in the Bronx," named

---

[2] The Government contends that at trial it "would prove that [in June 2024] [D]efendant and multiple . . . members of the [Bronxdale/YDS] gang robbed a man of his personal effects, money, phone, and his car at gunpoint." Tr. of Hr'g at 32:3–24 (Jun. 16, 2026).  The Government stated that the robbery "was investigated [in 2024], and there was no charge brought by the district attorney's office." *Id.*

"Bronxdale/YDS."  Superseding Indictment ¶ 1.  The Bronxdale/YDS gang is said to have conspired to commit – and did commit – "acts of violence, including acts involving murder and assault," robberies, and the sale of "controlled substances."  *Id.* ¶ 5.  According to Judge Stein, "Mr. Colon faces serious charges based on his involvement in an extremely serious and dangerous gang."  Transcript of Presentment at 35:17–19 (Jun. 4, 2026).

At the June 16 bail hearing, the Court was told that, on June 4, 2026, law enforcement searched Defendant Colon's apartment in the Bronx at 1836 Watson Avenue, Apt. 4B and recovered five "firearms . . . one in [Defendant Colon's] room, one in a 'common area [pantry],' and three [guns] in another individual's room [who appears to be Colon's step-brother David Lopez]."  Gov. Mot. at 2; Transcript of Hearing at 15:11–18 (Jun. 16, 2026).  A search of Defendant Colon's room also uncovered "multiple rounds of ammunition[,] . . . multiple scales of the type commonly used by controlled substances traffickers[,] . . . and narcotics paraphernalia including suspected marijuana."  Gov. Mot. at 2.

Probation's Pretrial Services conducted a "home assessment" of the Bronx apartment (1836 Watson Ave.) on or about June 9, 2026 and determined that the apartment is "suitable."  *See* Pretrial Services Addendum dated June 15, 2026 ("PTS Add.") at 2.  The home assessment process appeared to give rise to some confusion, i.e., Defendant's mother seemed to have "limited knowledge of the [D]efendant's living arrangements [in her apartment] prior to his arrest."  *Id.*; *see also* Tr. of Hr'g at 30:20–31:4 (Jun. 16, 2026).  The family has lived in the apartment "for over 20 years," including "the [D]efendant's mother," "the [D]efendant's father," and "her daughter."  Tr. of Hr'g at 30:20–31:4 (Jun. 16, 2026); PTS Add. at 2.  Following the home assessment, Pretrial Services suggested that the Defendant could be released on appropriate bail conditions.  PTS Add. at 2.

The Government anticipated at the June 16, 2026 bail hearing that the evidence at trial would establish Defendant Colon's involvement in the Bronxdale/YDS gang's criminal activities. The Government also acknowledged "that [it] has not charged the [D]efendant in any of the substantive counts other than [the racketeering conspiracy]." Tr. of Hr'g at 13:11–14 (Jun. 16, 2026). The Government stated that it would show, among other things, that Colon (1) has broadcast and disseminated social media posts that corroborate Defendant Colon's gang involvement, including a post via Defendant Colon's Instagram account that threatened to shoot persons who "speak negatively about . . . a [gang] member . . . who was killed"; and an Instagram post that showed "two firearms"; (2) "participated in a June 2024 armed robbery of a civilian of the civilian's effects, cash, and vehicle"; and (3) "was an active participant in the gang's controlled [drug] substances distribution." Gov. Mot. at 1, 4–5; Tr. at 14:12–17; 21:18–22 (Jun. 4, 2026).

Magistrate Judge Stein concluded that: "[G]iven the presumption of innocence, I do not find that he should be locked up at this point so long as there are sufficiently restrictive conditions imposed designed to protect the community." Tr. at 35:25–36:4 (Jun. 4, 2026). Judge Stein also stated that "Colon is not to be released until the [] conditions are met, including the cosigners signing the bond." Tr. at 38:19–22 (Jun. 4, 2026).

## II.    Legal Standard

A district court reviews the magistrate judge bail determination de novo, as here. *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985); 18 U.S.C. § 3142(g).

To detain a defendant pretrial, the Government must establish by "clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community." *United States v. Marino*, 396 F. App'x 728, 729 (2d Cir.

2010).  The Government may establish "by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight."  *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).[3]

"[T]he Court must consider . . . the nature of the offense, the weight of the evidence against the suspect, the history and character of the person charged, and the nature and seriousness of the risk to the community."  *United States v. Madoff*, 586 F. Supp. 2d 240, 247 (S.D.N.Y. 2009).  The Second Circuit Court of Appeals has advised that "[i]n applying the factors to any particular case, the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial."  *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987).

## III.    Discussion

Following a de novo review, the Court agrees with Judge Stein "that there are [strict] conditions that . . . will reasonably assure the safety of the community, most importantly, and also Mr. Colon's appearance in court as required."  Tr. at 31:12–15 (Jun. 4, 2026).

Colon "appears to be the only defendant in this Indictment with no prior criminal convictions."  Def. Resp. at 3.  As Judge Stein noted, "the nature of the racketeering enterprise charge in the indictment is extremely serious" and "[t]here is certainly substantial evidence that he's a member of the gang."  Tr. at 32:4–6; 33:21–25 (Jun. 4, 2026).  At the same time, the Government did not provide "much of a proffer . . . as to Mr. Colon's specific role in the . . . [unlawful] activity at issue."  Tr. at 34:2–9 (Jun. 4, 2026).  The firearms found at the Defendant's family apartment are troublesome and raise serious concerns. Judge Stein observed that "we do not lock up people in pretrial detention typically based on possession of a firearm."  Tr. at 34:20–

---

[3] The Government is relying primarily on danger to the community, not risk of flight.  Gov. Mot. at 2.

24 (Jun. 4, 2026); *see also United States v. Jeffries*, 679 F. Supp. 1114, 1118 (M.D. Ga. 1988) ("The possession of guns, then, standing alone, cannot be said 'to constitute clear and convincing evidence sufficient to support the entry of a detention order on grounds of dangerousness.'").

The Court finds that the Government has not "met its burden of showing by clear and convincing evidence that there are no conditions that can be imposed that will reasonably assure the safety of the community" or "its lesser burden of showing by preponderance of the evidence that there are no conditions that will assure Mr. Colon's appearance in court."  Tr. at 31:12–24 (Jun. 4, 2026); *see United States v. Paulino*, 335 F. Supp. 3d 600, 615–17 (S.D.N.Y. 2018); *United States v. Stewart*, 2011 WL 5403305, at *4 (W.D.N.Y. Nov. 8, 2011); *United States v. Capolongo*, 2016 WL 4272371, at *1 (S.D. Fla. Aug. 10, 2016).

## IV.    Conclusion

For the foregoing reasons, including the record of the June 16, 2026 hearing, the Government's motion for pre-trial detention is respectfully denied.  "[T]here are sufficiently restrictive conditions imposed designed to protect the community" and "assure Mr. Colon's appearance in court."  Tr. at 31:20–24; 36:1–5 (Jun. 4, 2026).

Date:   June 25, 2026
New York, New York

RMB

_____
**RICHARD M. BERMAN, U.S.D.J.**

6